**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**


**MALCOLM LADSON,**
         **Petitioner,**


**v.**                                 **Civil Action No. 3:17-CV-57
(GROH)**


**S. KALLIS, Warden,**
         **Respondent.**


## REPORT AND RECOMMENDATION

### I. Introduction

On May 11, 2017, the *pro se* Petitioner, an inmate at Hazelton FCI in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence. ECF No. 1.[1]  On April 30, 2018, Petitioner filed a motion "to supplement his 2241 and alternatively transfer the writ under 28 U.S.C § 1404.[2] ECF No. 4.

The matter is pending before this Court for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

---

[1]  ECF numbers cited herein are from the instant case, 3:17-CV-57, unless otherwise noted.

[2]  This statute concerns change of venue, and paragraph (a) thereof provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

## II. Factual and Procedural History[3]

### A. Conviction and Sentence

On October 28, 2004, in the United States District Court for the Eastern District of Pennsylvania, a single-count indictment was returned against Petitioner and a co-defendant in case number 3:04-CR-697.  Petitioner was charged with conspiracy to interfere with interstate commerce by robbery, a violation of 18 U.S.C. § 1951(a), "for his participation in the 'smash and grab' robbery of a jewelry store by four masked men with sledge hammers."  ECF Nos. 1, 195.  Following a jury trial, on March 9, 2005, Petitioner and his co-defendant were both found guilty.  ECF Nos. 68, 69.  On August 2, 2005, Petitioner was sentenced to 240 months in prison followed by three years of supervised release.  Petitioner's sentence was based in part on his designation as a career offender under section 4B1.1 of the United States Sentencing Guidelines ("the Guidelines"), " . . . because his prior guilty plea for terroristic threats in violation of 18 Pa. Cons. Stat. § 2706 qualified as a conviction for a crime of violence."  ECF Nos. 113, 114, 195.

---

[3] The facts in sections II.A, II.B and II.C. are taken from the Petitioner's criminal Case No. 2:04-CR-697 in the United States District Court for the Eastern District of Pennsylvania, available on PACER.  Unless otherwise noted, the ECF entries in these sections refer to that criminal case.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

**B. Appeal**

On March 11, 2005, Petitioner filed a notice of direct appeal with the Third Circuit Court of Appeals.[4]   On March 15, 2005, the Court stayed the matter pending entry of a judgment and commitment order by the District Court.  ECF Nos. 74, 75.  On August 23, 2007, the Third Circuit affirmed Petitioner's conviction and sentence.  ECF No. 140.

**C. Motions to Vacate, Appeals Thereof and other Motions for Relief**

Petitioner sought a number of post-conviction remedies in the District Court and Third Circuit Court of Appeals.  The District Court summarized Petitioner's attempts to obtain post-conviction in its October 19, 2011 Memorandum and Order [ECF Nos. 195, 196] which dismissed the petition for a writ of audita querela [ECF No. 188] and for a writ of habeas corpus [ECF No. 193] under 28 U.S.C. § 2241:

> Since his direct appeal, Ladson has collaterally attacked his conviction and sentence through several different procedural mechanisms, all to no avail.  On August 1, 2008, Ladson filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2255, which I denied on March 25, 2009. Ladson applied to the Third Circuit for a certificate of appealability, which was denied in an order dated September 28, 2009.
> On December 21, 2009, Ladson filed a *pro se* motion for relief under Rule 60(b)(3) of the Federal Rules of Civil Procedure, again indirectly challenging his conviction and sentence.  Finding no basis for Ladson's arguments, I denied the motion on January 13, 2010. The Third Circuit denied Ladson's request for a certificate of appealability on April 28, 2010, and on June 7, 2010, denied Ladson's petition for a rehearing en banc. Ladson petitioned the United States Supreme Court for a writ of certiorari, which was denied on November 1, 2010.

---

[4]  In the Third Circuit, Petitioner's direct appeal was assigned docket number 05-1819.

On April 14, 2010, Ladson filed an application with the Third Circuit seeking leave to file a second or successive habeas corpus petition under 28 U.S.C. § 2244(b). In an order dated June 8, 2010, the Third Circuit denied the application.

Most recently, Ladson has chosen to collaterally attack his sentence by filing a motion for a writ of audita querela under 28 U.S.C. § 1651(a) on March 13, 2011. The government filed a response in opposition to the motion on May 23, 2011. Ladson filed a reply brief on June 16, 2011, raising for the first time an argument that he is entitled to relief in the form of a writ of habeas corpus under 28 U.S.C. § 2241.

ECF No. 195 at 2 – 3.

Petitioner then filed another motion to vacate pursuant to 28 U.S.C. § 2255 on February 7, 2013, which, among other sentencing issues[5], raised the same issue which is raised herein: that his prior conviction for terroristic threats in Pennsylvania[6] was not a crime of violence.   ECF No. 198 at 4.   On February 12, 2013, the District Court dismissed the § 2255 petition as an unauthorized second or successive petition.   ECF No. 199.

On March 28, 2013, and on August 29, 2013, the Third Circuit denied Petitioner's applications to file second or successive petitions pursuant to 28 U.S.C §§ 2244 and 2255[7].   ECF Nos. 200, 201.

---

[5]   Petitioner also more generally alleged that his criminal history point calculation pursuant the Guidelines was improper.  ECF No. 198 at 5.

[6]   "Terroristic threats" is a violation of Pennsylvania statute 18 Pa. Stat. § 2706, which provides that, "A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:
(1) commit any crime of violence with intent to terrorize another;
(2) cause evacuation of a building, place of assembly or facility of public transportation; or
(3) otherwise cause serious public inconvenience, or cause terror or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience."

[7]   The March 28, 2013, application was assigned case number 13-1392, and the August 29, 2013, application was assigned case number 13-2574.

Petitioner filed another motion to vacate in the District Court on October 1, 2013. ECF No. 202.  On April 3, 2014, the District Court dismissed the motion to vacate, noting that "[a]gain he has failed to obtain a certification from the Third Circuit to file a second or successive motion."  ECF No. 206 at 2.  Petitioner appealed the April 3, 2014 denial of relief on April 11, 2014[8].  ECF No. 208.  On November 6, 2014, the Third Circuit denied Petitioner's application for a certificate of appealability.  ECF No. 217.

On April 16, 2014, Petitioner filed with the District Court a motion to reconsider the April 3, 2014 denial of relief.  ECF No. 207.  The District Court denied the motion to reconsider on April 23, 2014.  ECF No. 210.

On June 18, 2014, Petitioner filed a motion [ECF No. 211] seeking relief under § 2255 based on the holding of Descamps v. United States, 133 S.Ct. 2276 (2013), renewing the arguments made in his October 1, 2013 § 2255 motion [ECF No. 202].  On August 25, 2014, Petitioner filed a motion for reconsideration of the Court's April 3, 2014, disposition of the October 1, 2013, § 2255 motion.  ECF No. 212.  Then on September 12, 2014, Petitioner filed a motion to apply a recent Third Circuit decision, United States v. Brown, 765 F.3d 185 (3rd Cir. 2014), to his career offender enhancement argument.  ECF No. 214.  On January 9, 2015, Petitioner filed a notice of appeal[9].  ECF No. 221.  On March 25, 2015, the District Court denied Petitioner's motions [ECF Nos. 212, 214] for relief.  ECF No. 224.

In a Memorandum and Order [ECF Nos. 226, 227], dated March 25, 2015, the District Court denied Petitioner's motion [ECF No. 211] and held:

---

[8]  The April 3, 2014, application was assigned case number 14-1953.

[9]  The January 9, 2015, application was assigned case number 15-1146.

5

> The instant motion is not different from the prior motions in that it request relief under Descamps and its progeny.  As the court has repeatedly advised the defendant, he may not file a second or successive motion for relief under 28 U.S.C. § 2255 without first obtaining authorization from the Court of Appeals.  He has not done so; therefore, the instant motion must be dismissed as an unauthorized second or successive motion.

ECF No. 226 at 2.

On April 9, 2015, the Third Circuit dismissed Petitioner's January 9, 2015, appeal in 15-1146 [ECF No. 221], based on a jurisdictional defect.  ECF No. 228.

On October 2, 2015, the Petitioner's filed another motion to vacate under § 2255, which again complained of his career offender enhancement.  ECF No. 229.  The § 2255 motion was dismissed on October 27, 2015, for failure to obtain a certificate of appealability.  ECF No. 231.

On November 24, 2015, pro se Petitioner filed with the Third Circuit, in that Court's docket number 15-3821, an application for leave to file a second or successive motion pursuant to § 2255.  On June 21, 2015, Petitioner, with assistance of counsel, filed with the Third Circuit, in that Court's docket number 16-2801, another motion to correct his sentence under § 2255.  On May 10, 2017, the Third Circuit denied Petitioner's additional motions for leave to file a successive motion to vacate his sentence, as raised in 15-3821 and 16-2801.  ECF No. 237.

While those motions were pending, Petitioner filed with the District Court another § 2255 motion alleging he was improperly sentenced as a career offender on June 23, 2016.  ECF No. 234.  By order entered March 22, 2017, the § 2255 motion was withdrawn pursuant to Petitioner's motion.  ECF Nos. 235, 236.  On June 12, 2017,

Petitioner filed another motion to vacate pursuant to § 2255, which was denied by the June 13, 2017, order of the District Court.   ECF Nos. 238, 239.


### D.   Instant § 2241 Petition

The instant § 2241 petition [ECF No. 1] was filed on May 11, 2017, the day after the Third Circuit denied Petitioner relief in that Court's cases 15-3821 and 16-2801. Petitioner claims that his petition concerns his sentence, specifically his designation as a career offender based on his prior conviction for terroristic threats in Pennsylvania. ECF No. 1 at 1, 5.   The petition asserts one ground for relief, that it would constitute manifest injustice for Petitioner's sentence to stand, because "the necessary predicates for a[n] enhanced sentence" under the Guidelines no longer exists.   Id. at 5.   As relief, Petitioner initially requested that his case be transferred to the docket of the Honorable Mack A. Kearney for "prompt resentencing to prevent a 'manifest injustice'."   Id. at 8.

By his later filed "supplement" [ECF No. 4], Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention based on the holding of United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018.   In his supplement, Petitioner also asks this Court to find that his imposed sentence presents "an error sufficiently grave to be deemed a fundamental defect." ECF No. 4 at 2.   Alternatively, Petitioner again asks this Court to transfer this § 2241 petition to the sentencing jurisdiction.   Id.

## III. Legal Standard

### A.      Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.      Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[10] is designed largely to discourage the filing
> of, and waste of judicial and private resources upon,
> baseless lawsuits that paying litigants generally do not
> initiate because of the costs of bringing suit and because of
> the threat of sanctions for bringing vexatious suits
> under Federal Rule of Civil Procedure 11. To this end, the
> statute accords judges not only the authority to dismiss a
> claim based on an indisputably meritless legal theory, but
> also the unusual power to pierce the veil of the complaint's
> factual allegations and dismiss those claims whose factual
> contentions are clearly baseless.

490 U.S. at 327.


### C.    Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is

---

[10]   The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[11] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

---

[11]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.  The date on which the judgment of conviction becomes final;
    b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

<u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." <u>United States v. Wheeler</u>, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (<u>quoting</u> <u>Brown v. Caraway</u>, 719 F.3d 583, 588 (7th Cir. 2013)).  In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions."  Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner must meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

<u>Wheeler</u>, <u>supra</u>, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in <u>Wheeler</u>.  <u>Id.</u>


### IV. Analysis

Petitioner does not seek relief under any permissible ground in his § 2241 petition.   Petitioner's ground for relief alleges that his sentence was improperly enhanced by the sentencing court.  ECF No. 1 at 5.  Such a claim does not relate to the

execution of sentence or calculation of sentence by the BOP.  Instead, the claim relates to the validity of Petitioner's sentence imposed in the Eastern District of Pennsylvania.  Such a claim is properly contested either on direct appeal or in a § 2255 proceeding, and thus the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.[12]

Although Petitioner asserts in his supplement that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application.  Because Petitioner is not contesting his conviction,[13] the <u>Jones</u> standard does not apply to his petition for relief.  Instead, the Court must review the petition which contests the imposed sentence under the four-part <u>Wheeler</u> test.  As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed.  However, Petitioner cannot meet the second element of the <u>Wheeler</u> test, because any change to the settled law which established the legality of Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review in this Circuit.  Because Petitioner cannot meet the second prong of the <u>Wheeler</u> test, this Court does not need to consider the third or fourth parts of the test.  It is clear that Petitioner attacks the validity of his sentence, but fails to establish that he meets all four of the <u>Wheeler</u>

---

[12] The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which authorization is not present here, and has been repeatedly denied by the Third Circuit Court of Appeals.

[13] Petitioner does not allege that he is actually innocent of the crimes for which he was convicted, rather, he only challenges the sentence imposed by the Court.  Petitioner concedes as much when in the conclusion to his memorandum of law where he claims that, "neither his prior drug [n]or robbery cases qualify as predicates for a career offender enhancement, and [ ] he is actually innocent of that designation."  ECF No. 8 at 14.  Critically, Petitioner uses the phrase "actually innocent" only in relation to his assertion that he is actually innocent of the career offender enhancement.

requirements.  Accordingly Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241.

For all the above reasons, Petitioner's claim raised under § 2241 seeks relief that is instead properly considered under § 2255.  Because Petitioner cannot meet the savings clause of § 2255, Petitioner's claim may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).


### VI. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

It is further **RECOMMENDED** that Petitioner's motion [ECF No. 4] to supplement his 2241 and alternatively transfer his petition for a writ of habeas corpus under 28 U.S.C. § 1404 be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a**

**judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1);

Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208

(1984).

     This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

     The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

     DATED:    July 20, 2018

          /s/  *Robert W. Trumble*
          ROBERT W. TRUMBLE
          UNITED STATES MAGISTRATE JUDGE