# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**MALCOLM LADSON,**

    Petitioner,

**v.**                                                     **CIVIL ACTION NO.: 3:17-CV-57**
                                                                 **(GROH)**

**S. KALLIS, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 5. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on July 20, 2018. In his R&R, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice.

## I. BACKGROUND

On May 11, 2017, Malcolm Ladson ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In his petition, the Petitioner asserts one ground for relief, that it would constitute manifest injustice for Petitioner's sentence to stand, because "the necessary predicates for a[n] enhanced sentence" under the Guidelines no longer exists. Id. at 5. Petitioner also requests his case be transferred to the sentencing jurisdiction. Id. at 8.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein; however, it will briefly outline the most relevant facts of this case.

The Petitioner was convicted by a jury sitting in the United States District Court for the Eastern District of Pennsylvania on one count, conspiracy to interfere with interstate commerce by robbery. The District Court sentenced the Petitioner to 240 months imprisonment. Petitioner's sentence was based in part on his designation as a career offender under section 4B1.1 of the United States Sentencing Guidelines. The Third Circuit affirmed the Petitioner's conviction. Petitioner has since sought a number of post-conviction remedies in the District Court and Third Circuit Court of Appeals, each of which has been denied or dismissed.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Petitioner's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Having timely filed

objections [see ECF No. 10], the Court will conduct a *de novo* review of the portions of the R&R to which the Petitioner objects.

## III. DISCUSSION

Magistrate Judge Trumble recommended that the petition be dismissed because all the issues presented are matters properly considered in a § 2255 motion. While § 2255 contains a savings clause, Magistrate Judge Trumble determined that the Petitioner is not entitled to its application. In his objections, the Petitioner does not dispute that the issues presented in his petition are matters properly considered in a § 2255 motion. However, the Petitioner argues that he is entitled to relief under the savings clause. Specifically, he asserts that there have been intervening changes in law entitling him to relief.

The Petitioner does not present a change in law that applies retroactively to his case on collateral review. While he cites several cases in his supplement to his petition and objections, none are applicable here. For that reason, the Petitioner does not meet the second prong of the Wheeler test. See United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). Consequently, as Magistrate Judge Trumble correctly concluded, the savings clause does not apply to the Petitioner's attack on the validity of his sentence.

## IV. CONCLUSION

In sum, the Petitioner does not meet the requirements for the savings clause codified in 28 U.S.C. § 2256(e) and the Petitioner's claims cannot be considered under § 2241. Accordingly, upon careful review, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 5] is **ADOPTED** for the reasons more

fully stated therein.  The Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.  The Petitioner's Motion to Transfer Case to Sentencing Jurisdiction and Supplement to Petition for Writ of Habeas Corpus [ECF No. 4] is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket.  The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** September 21, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE